## In re Anonymous No. 97 D.B. 90

Disciplinary Board Docket No. 97 D.B. 90.

*Hearing Committee Chairman,* March 21, 1991—This letter is submitted by me on behalf of Hearing Committee [   ] in compliance with section

89.181(c)(7) of the Rules of the Disciplinary Board with respect to the above action. The hearing was duly held in the above matter on March 8, 1991, in [ ], Pennsylvania, and at the conclusion of that hearing it was determined that use of the abbreviated procedure was warranted since, in the opinion of your committee, no violation had been established. Form DB-43 was completed and supplied to counsel for both parties on March 8, 1991.

The action was brought by disciplinary counsel against [respondent], Esquire, and relates to [respondent's] legal representation of one [A], who entered guilty pleas to multiple criminal charges and was sentenced to 10 to 20 years at the State Correctional Institution at [ ] by the [ ] County Court on December 1, 1987. In January of 1988, [A] requested the services of a public defender to challenge the sentence that was imposed, and in May or June of 1988, [respondent] was assigned to represent her.

The charges lodged against [respondent] relate to Disciplinary Rule 1.3 dealing with reasonable diligence and promptness in representing a client and Rule 1.4(a) dealing with keeping a client informed about the status of a matter and promptly complying with reasonable requests for information.

The primary basis for the complaint is [respondent's] failure to adequately respond to certain letters and telephone calls requesting status reports covering a period of approximately one year.

Shortly after her appointment as attorney for [A], [respondent] opened her own office and her public defender duties were limited to part time. Her case load at that time, however, through the public defender's office was heavy.

A few of the initial informational requests were from [A's] mother, and [respondent] was unable to respond directly to her until approval was received

from her client. It does appear that there was inactivity and no real response through the Fall of 1988 and into the first part of 1989, although there is some evidence of activity in the spring of 1989 and perhaps some question as to what messages during this period actually reached [respondent].

During the period in question, [A] was incarcerated at [ ]. Although it is not normal practice for public defenders to visit inmates at a state correctional institution, [respondent] did so at the outset of representation. Incarceration made communication more difficult even though not impossible.

The Hearing Committee acknowledged that the only real issue of representation was to argue for a reduction in the sentence, not the legality thereof. [Respondent] believed that it might be possible to reduce the sentence from 10 to 20 years to perhaps 7 1/2 to 15 years. In any event, it would not have affected [A's] incarceration during the period in question, and thus no prejudice resulted.

It should be pointed out that in the spring of 1988 the pertinent law on post convictions was changed and the Post-Conviction Hearing Act was replaced by the Post-Conviction Relief Act, and the provisions were new and needed study and interpretation. During the summer of 1989, [respondent] met with several criminal attorneys to obtain assistance on the issues involved, and as soon as the complaint was filed with disciplinary counsel, she filed the appeal and ultimately argued the case before the Pennsylvania Superior Court.

[A] is presently satisfied with the representation provided by [respondent] and has requested the complaint be dismissed.

Following the hearing, the members of the Hearing Committee [ ] concluded that the actions of [respondent] were not unreasonable under the cir-

84

cumstances and that no violations of Rules 1.3 and 1.4(a) were established. The committee further concluded that the public interest would be well served by the committee's decision to dismiss the complaint.

We trust this supplies you with sufficient information to review the above proceedings.

## ORDER

And now, May 30, 1991, the report and recommendation of Hearing Committee [ ] filed March 27, 1991, pursuant to §89.181 of the Disciplinary Board Rules is accepted, and there being no exceptions filed; it is hereby ordered that the charges against [respondent], docketed at No. 97 D.B. 90, be dismissed.